**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CRISTOBAL CAMPOS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **SIGN STUDIO USA, LIMITED, ON TAPS** | ) |
| **LTD., JORGE A. BEDOYA, individually,** | ) |
| **MIGUEL ALEJANDRO BEDOYA,** | ) |
| **individually, PETER TAPIA, individually,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff, Cristobal Campos, by and through his attorneys, Becerra Law Group, LLC, for his complaint against Sign Studio USA, Limited, On Taps Ltd., Jorge A. Bedoya, individually, Miguel Alejandro Bedoya, individually, and Peter Tapia, individually (herein "Defendants"), states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Employee Classification Act, 820 ILCS 185/1 *et seq.* ("IECA").

2.      Plaintiff worked in excess of 40 hours per week but was not paid overtime wages at the rate of one and a half times his regular rate of pay for all time worked in excess of 40 hours per week.

3.      Plaintiff has been misclassified as an independent contractor.

1

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C.

§1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's

state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this judicial district as the facts and events giving rise to

Plaintiff's claims occurred in this judicial district.

## THE PARTIES

6.      Plaintiff Cristobal Campos resides and is domiciled in this judicial district.

7.      Plaintiff Cristobal Campos is an employee of Defendants and is employed by

Defendants in this judicial district.

8.      During the course of his employment, Plaintiff Cristobal Campos handled goods

that moved in interstate commerce, including but not limited to paint, plastic, and screws.

9.      During the course of his employment, Plaintiff Cristobal Campos traveled outside

of the state of Illinois as part of his duties for Defendants.

10.      Defendant Sign Studio USA, Limited (hereinafter "Sign Studio") is an Illinois

corporation doing business within this judicial district. Defendant Sign Studio is an "enterprise"

as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in

commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A),

29 U.S.C. § 203(s)(1)(A).

11.      During the last three years Sign Studio's annual gross volume of sales made or

business done has exceeded $500,000.00 exclusive of excise taxes.

12.      Defendant On Taps Ltd. (hereinafter "On Taps") is an Illinois corporation doing

business within this judicial district. Defendant On Taps is an "enterprise" as defined by Section

2

3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

13.     Defendant Jorge A. Bedoya was involved in the day-to-day business operation of Sign Studio.  Among other things, Defendant Jorge A. Bedoya had the authority to hire and fire employees, the authority to classify employees, the authority to direct and supervise the work of employees, and the authority to participate in decisions regarding employee compensation.

14.     Defendant Jorge A. Bedoya resides in and is domiciled in this judicial district.

15.     Defendant Miguel Alejandro Bedoya was involved in the day-to-day business operation of Sign Studio.  Among other things, Defendant Miguel Alejandro Bedoya had the authority to hire and fire employees, the authority to classify employees, the authority to direct and supervise the work of employees, and the authority to participate in decisions regarding employee compensation.

16.     Defendant Miguel Alejandro Bedoya resides in and is domiciled in this judicial district.

17.     Defendant Peter Tapia was involved in the day-to-day business operation of Sign Studio.  Among other things, Defendant Peter Tapia had the authority to hire and fire employees, the authority to classify employees, the authority to direct and supervise the work of employees, and the authority to participate in decisions regarding employee compensation.

18.     Defendant Peter Tapia resides in and is domiciled in this judicial district.

3

## FACTUAL ALLEGATIONS

19.     Sign Studio and On Taps manufacture outdoor signs and advertisements.

20.     Sign Studio and On Taps are based in Chicago, Illinois.

21.     Upon information and belief, On Taps is the successor in interest to Sign Studio.

22.     Plaintiff was employed by Defendants to perform construction work including, but not limited to, painting, installing signs, electrical, and driving.

23.     Defendants managed Plaintiff's work, including the number of hours he worked and the locations where Plaintiff performed that work.

24.     Defendants set Plaintiff's schedule.

25.     Defendants paid Plaintiff on a weekly basis.

26.     Defendants dictated, controlled, and ratified the wages earned and hours worked and all related employee compensation policies.

27.     Defendants required Plaintiff to work outside of the state of Illinois to perform installation work.

28.     Defendants paid the Plaintiff $25.00 per hour.

29.      At all times, Defendants maintained direct supervisory authority over Plaintiff.

30.     Defendants provided all of the materials Plaintiff used to perform his work.

31.     Defendants did not pay payroll taxes for the wages Plaintiff earned to the United States and the State of Illinois that are required of employers and not required for independent contractors.

32.     Defendants failed to pay Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in a single work week in violation of the FLSA, the IMWL, and the ECA.

4

33.     There were other weeks in which Plaintiff worked more than 40 hours and was paid the same rate for all hours worked.

34.     For example, Plaintiff worked 53 hours in one week and was paid $1,325.00 via check on September 16, 2022.

35.     The check number was 2009 and was issued from an On Taps checking account signed by Peter Tapia.

36.     No taxes were deducted from Plaintiff's wages.

37.     Other checks were issued from a Sign Studio checking account and from Jorge A. Bedoya's personal checking account. signed by Jorge A. Bedoya or Miguel Alejandro Bedoya.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

38.     Plaintiff hereby realleges and incorporates paragraphs 1 through 37 of this Complaint, as if fully set forth herein.

39.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for Defendants' failure to pay overtime wages to Plaintiff.

40.     Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

41.     Defendants were Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

42.     During the course of his employment by the Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

43.     Plaintiff was not an independent contractor.

44.     Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours

per week in certain work weeks.

45.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

46.      Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

47.     Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

48.     Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

49.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt employees overtime wages for hours worked in excess of 40 hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times his hourly rate for all time Plaintiff worked in excess of 40 hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorney fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law - Overtime Wages**

50.     Plaintiff hereby realleges and incorporates paragraphs 1 through 49 of this

Complaint, as if fully set forth herein.

51.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

52.     The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law.  820 ILCS 105/4a.  Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

53.     At all relevant times herein, Defendants were Plaintiff's "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

54.     During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

55.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

56.     Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

57.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

58.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times his regular hourly rate for all time Plaintiff worked in excess of 40 hours per week;

B.     Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      Reasonable attorney fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the Employee Classification Act – Employee Misclassification**

59.      Plaintiff hereby realleges and incorporates paragraphs 1 through 58 of this Complaint, as if fully set forth herein.

60.      This count arises from Defendants' violation of the ECA, 820 ILCS 185/1 *et seq.* for their failure to properly classify Plaintiff as an "employee" and their failure to pay Plaintiff his earned wages as required by the IMWL.

61.      During the course of his employment with Defendants, Plaintiff was Defendants' "employee" as defined by the ECA, 820 ILCS 185/10.

62.      Defendants controlled and supervised Plaintiff's work; provided all materials for him to perform his work; and controlled Plaintiff's work schedule.

63.      Plaintiff performed work that was inside the normal course of services provided by Defendants' business.

64.      Pursuant to 820 ILCS 185/60, Plaintiff is entitled to recover unpaid wages for the three years prior to the filing of this suit, plus liquidated damages and additional compensatory damages.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of all back wages due under the IMWL as set forth more fully in this Complaint;

B.      Liquidated damages as provided for by the ECA, 820 ILCS 185/60(a)(1), in an amount equal to the amount of unpaid wages as provided by the IMWL;

8

C.      Compensatory damages as provided for by the ECA, 820 ILCS 185/60(a)(2);

D.      Statutory damages in an amount of up to $500 for each violation of the ECA, 820 ILCS 185/60(a)(2);

E.      Reasonable attorney fees and costs of this action; and

F.      Such other and further relief as this Court deems appropriate and just.

Dated:  September 23, 2022

Respectfully submitted,

**CRISTOBAL CAMPOS**

By:  /s/Carlos G. Becerra
One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams, Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
Email: cbecerra@becerralawgroup.com

9